UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14036-CIV-CANNON/MAYNARD

ALBERT W. WILSON

    **Plaintiff,**

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, As Trustee,

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR ATTORNEY FEES [DE 25]

The above Motion filed by Deutsche Bank National Trust Company ("DB") has been referred to me for a report and recommendation [DE 35]. DB filed Requests for Judicial Notice in support of its Motion [DE 26; DE 27], which were previously granted [DE 34]. Plaintiff's attorney of record, Lee Segal, and his two-attorney law firm of Segal & Schuh Law Group, LLC (collectively, "Segal"), filed a response in opposition to the Motion [DE 32] and Notices of Supplemental Authority [DE 36; DE 37]. Having reviewed the record and the parties' extensive briefing, I recommend that the Motion be **DENIED** for the following reasons.

## BACKGROUND

This case is one of many (potentially eighty) very similar cases filed in state courts throughout Florida against DB and other banks by Plaintiff's attorney of record, Lee Segal. One common thread is that these cases all stem from state court foreclosure actions. In this particular case, Plaintiff filed suit regarding a dispute over a promissory note and mortgage he signed on June 23, 2006 in favor of DB's predecessor, which was secured by real property in

Rockledge, Florida [DE 1-1 at 84 (Compl. ¶ 3)]. Plaintiff sued DB in state court under the "Civil Remedies for Criminal Practices Act, Fla. Stat. §772.101, *et. seq.*" for DB's alleged collection of an "unlawful debt" and for alleged misrepresentations made in an underlying foreclosure action in Brevard County which Plaintiff claims improperly induced him to enter a modified mortgage [DE 1-1 at 87, 93-94 (Compl. ¶¶ 13; 37-38; 42-43)]. While the case was pending in state court, Plaintiff obtained a default and a default judgment against DB. After first learning of the state case, DB moved to quash service of process.

On January 22, 2021, before the state court ruled on DB's motion to quash service of process, DB removed the case from state court to this federal court on grounds of diversity jurisdiction [DE 1; DE 5]. On February 12, 2021, Plaintiff filed a motion to remand [DE 10].

On August 31, 2021, the presiding U.S. District Judge issued a brief Omnibus Order citing six decisions in the Middle District of Florida involving improper attempts to serve DB and finding "no reason to depart from the analysis in these well-reasoned decisions." [DE 31 at 2]. The Omnibus Order thus (1) granted DB's motion to quash service of process (which Plaintiff did not oppose); (2) vacated the state court default judgment entered against DB; (3) denied Plaintiff's motion to remand; and (4) directed Plaintiff to properly serve DB within thirty days [DE 31]. There is no sign in the record that Plaintiff ever timely complied with this fourth directive requiring proper service of process. In fact, following the Omnibus Order, apart from the parties' filings related to the referred Motion and DB's filing of a notice of an unsuccessful global settlement conference held before a U.S. Magistrate Judge in the Middle District of Florida on November 12, 2021 [DE 33], there has been no other motion practice or sign of this case being moved along on its merits.

In the referred Motion, DB seeks to recover from Segal an estimated $12,000 in attorneys' fees and costs for defending this case. As authority, DB relies upon 28 U.S.C. § 1927 and the Court's inherent power to impose sanctions. As grounds, DB alleges an "egregious scam, committed by a Florida attorney, Lee Segal, to obtain a portfolio of high-value default judgments against large banking institutions, by failing to serve them with process, and by engaging in many other improper tactics" [DE 25 at 1]. DB claims that Segal engaged in the following sanctionable conduct in this and other similar cases:

1. filing at least seventeen "test cases" against nine different banks in state court to see which banks would appear; Segal would dismiss actions against banks who appeared but would prosecute those in which he obtained a default [*Id.* at 4-5]

2. knowingly failing to properly serve DB with process—including by serving DB (and other banks) in the state actions through an entity that was not a registered agent and misrepresenting service to the state courts to get default judgments [*Id.* at 6-9]

3. knowingly filing state cases in counties where the real property was not located, and the foreclosure actions did not occur [*Id.* at 8-10]

4. multiplying the proceedings by voluntarily dismissing cases after a defendant appeared and then refiling the same action in another venue, and also obtaining default judgments in different counties on identical complaints involving the same property [*Id.* at 10-14]

5. filing frivolous complaints in state courts to recycle foreclosure defenses with no intent to litigate them on the merits [*Id.* at 14-16]

6. obtaining improper summary judgments in state court, filing baseless motions to disqualify DB's counsel, and filing unsupported motions for remand [*Id.* at 16-18]

7. intentionally failing to serve DB with court filings while claiming in filed certificates of service that Segal had duly served them [*Id.* at 18-19]

Segal counters that the Motion is untimely and lacks merit because it seeks sanctions under federal standards although the acts in question occurred largely in state court [DE 32].

## **DISCUSSION**

Against the above backdrop, I turn to the issue of whether DB is entitled to recover attorney fees and costs from Segal under either 28 U.S.C. § 1927 or the Court's inherent authority. I will consider each source of authority in turn.

### A. *28 U.S.C. § 1927*

Section 1927 provides as follows:

§ 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Because of its penal nature, courts strictly construe § 1927. *See Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010). Before § 1927 liability may be imposed, three requirements must be met: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must multiply the proceedings; and (3) the sanctions cannot exceed the costs occasioned by the objectionable conduct. *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (citations omitted). It has consistently been held that an attorney multiplies proceedings "unreasonably and vexatiously" when his or her conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."). To determine bad faith in the context of § 1927, courts must compare the attorney's conduct against the conduct of a "reasonable" attorney and decide whether the conduct was acceptable based on an objective standard. *Amlong & Amlong, P.A.*, 500 F.3d at 1239-40.

4

Importantly, § 1927 applies to unnecessary filings after a lawsuit has begun in federal court. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006). This means, in this case, the Court should consider any § 1927 liability based upon filings made by Segal after removal. *See Market Tampa Invs., LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Novastar Mortg. Funding Tr., Series 2007-1 Novastar Home Equity Loan Asset-Backed Certificates, Series 2007-1,* 2022 WL 580564, at *2 (M.D. Fla. Feb. 24, 2022) (collecting cases and denying a similar motion filed by DB against Segal after finding that the "minimal filings by Segal and Segal & Schuh post removal in this case do not amount to multiplying the proceedings—much less multiplying them unreasonably or vexatiously"); *see also Smith v. Psychiatric Sols., Inc.*, 864 F. Supp. 2d 1241, 1269 (N.D. Fla. 2012), *aff'd*, 750 F.3d 1253 (11th Cir. 2014) (finding counsel cannot "be sanctioned for conduct committed in the state court proceedings, including the filing of the initial complaint and any subsequent events in that forum"); *Granite Rock Co. v. Int'l Bhd. of Teamsters, No. C 10-03718 JW*, 2011 WL 13373980, at *2-3 (N.D. Cal. Mar. 17, 2011) (finding conduct that occurred while in state court before removal was not sanctionable under § 1927).

Here, the vast majority of the alleged sanctionable conduct committed by Segal was done as part of underlying state court proceedings. Consistent with the above authority, the proper focus for purposes of determining whether to impose § 1927 liability is Segal's conduct in these federal court proceedings. After the case was removed here from state court, all Segal filed was a motion to remand, notices of activity in other similar cases, a response to the motion to quash, and filings pertaining to the referred Motion. After the Court quashed service and denied remand, Plaintiff largely abandoned this case despite an opportunity to properly serve DB and pursue this matter on the merits. As has been found by other federal courts evaluating

this same issue of § 1927 sanctions involving these same parties, the minimal post-removal filings by Segal in this case do not amount to multiplying the proceedings unreasonably or vexatiously. *See Market Tampa* at *2, 2022 WL 580564, at *2 (M.D. Fla. Feb. 24, 2022) (Chappell, J.) (denying motion filed by DB against Segal and noting that "[u]nder any objective review of the facts, Segal and Segal & Schuh's conduct in federal court in this case was not so egregious or dilatory to warrant liability under § 1927"); *Kenny v. Deutsche Bank Nat'l Tr. Co.*, 2022 WL 580563, at *3 (M.D. Fla. Feb. 24, 2022) (Chappell, J.) (same); *Shen Yi, LLC v. Deutsche Bank Nat'l Tr. Co.*, 2022 WL 267520, at *3 (Frazier, MJ.) (M.D. Fla. Jan. 28, 2022) (denying motion by DB to find Segal liable under § 1927 on grounds that "[n]othing in the case before the federal court after removal amounts to multiplying the action, let alone multiplying it unreasonably or vexatiously"). DB's Motion should thus be denied on this ground.

  **B.**  ***The Court's Inherent Power to Sanction***

I turn next to DB's argument that Segal should be sanctioned under the Court's inherent authority. "Federal courts possess potent inherent powers that they may use to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2014) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). One purpose of this inherent power is to police those who appear before the Court. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citing *Chambers*, 501 U.S. at 46). Even if procedural rules exist to sanction conduct, the Court may invoke its inherent authority to sanction the same conduct. *Peer*, 571 F. App'x at 844. This inherent authority extends to a full range of litigation abuses and fills in the gaps left by rule-based sanctions. *Id.*

A court may use its power to sanction for willful disobedience of a court order, and to sanction a party who acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Purchasing Power, LLC*, 851 F.3d at 1223 (citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013); *Chambers*, 501 U.S. at 45-46). Importantly, however, "[t]his power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers*, 501 U.S. at 45-46). To unlock a court's inherent power, bad faith must be found. *Id.* ("The key to unlocking a court's inherent power is a finding of bad faith."); *see also Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010).

Unlike the objective standard employed when considering sanctions under § 1927, the court's inherent power is governed by a "subjective standard with a narrow exception for conduct tantamount to bad faith … recklessness alone does not constitute conduct tantamount to bad faith." *Purchasing Power, LLC*, 851 F.3d at 1223-24. Without "direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith." *Id.* at 1224-25. In other words, while recklessness alone is not enough to warrant sanctions under a court's inherent power, recklessness *plus* a frivolous argument will suffice. *Id.* at 1225.

Here, mindful of the restraint and discretion that courts must employ when deciding whether to award sanctions under a court's "potent" inherent authority, I find that Segal's behavior in this federal forum does not rise to the requisite level of bad faith conduct. As discussed above, most if not all of the alleged sanctionable conduct occurred while this case was pending in state court and prior to it being removed to this federal forum. Similarly, in the other state court cases cited by DB that were removed to federal courts in Florida – much of the alleged sanctionable conduct occurred in state court. DB opted to remove this action to federal

court and now requests that Segal be sanctioned for conduct that occurred in state court such as filing test cases in state court, knowingly improperly serving DB and other non-parties, intentionally filing cases in improper venues, multiplying the proceedings by voluntarily dismissing cases and refiling them in different state court venues, and filing frivolous complaints, motions for summary judgment, defaults, and default judgments in state court. After this case was removed on January 22, 2021, Plaintiff filed a motion to remand, notices pertaining to other proceedings, and filings pertaining to the instant Motion filed by DB. Upon review of the record in this case, I do not detect bad faith, vexatious, wanton, or oppressive behavior in this case that rises to the level needed to unlock the Court's inherent power to sanction. I thus do not recommend that Segal be sanctioned under the Court's inherent powers.

That said, as succinctly stated by a District Judge in the Middle District of Florida faced with a virtually identical motion filed by DB against Segal under a similar set of circumstances:

> Although the Court declines to sanction Segal and Segal & Schuh for its post-removal conduct, that does not mean it condones their dilatory tactics in state court. Their scheme to file test cases throughout Florida, serve non-registered agents, misrepresent service to state court judges, bring frivolous complaints and motions, and not noticing Deutsche of its filings are intolerable—at a minimum. But Deutsche chose to remove the case here rather than leave it with the state court and pursue relief there for the sanctionable behavior. The Court thus declines to exercise its inherent power to sanction Segal and Segal & Schuh with Deutsche's attorneys' fees and costs.
> …
> The Court recognizes this action was one of many removed to the Fort Myers Division and throughout the Middle District of Florida. On March 1, 2021, the Court here and in the other Fort Myers' cases [footnote citation to four other Middle District of Florida cases] cautioned Segal and Segal & Schuh that "[t]he continued, knowingly invalid service on non-party, non-agent CT of lawsuits against [Deutsche] followed by default judgments in state court has the same stink of fraud-upon-the-court that the numerous plaintiffs allege was perpetrated upon them. [Plaintiff Market] will not be afforded a set of rules apart from [Deutsche]." (Doc. 30 at 9-10). From then on, Segal and Segal & Schuh were on notice that their continued conduct about service and remand in these actions had the "stink of fraud-upon-the court" and arguably could be subject to

sanctions. Thus, although sanctions are not appropriate here, they may be appropriate in other removed cases.

*Market Tampa,* 2022 WL 580564, at *3 (M.D. Fla. Feb. 24, 2022).

Here, DB removed this case on January 22, 2021 and it is clear from the recent notices of supplemental authority filed by Segal in this case that Segal is fully aware of the above cautionary notes made in Middle District of Florida cases regarding Segal's conduct going forward in foreclosure-based actions filed in Florida state and federal courts. I am unaware of any cases in the Southern District of Florida in which Segal has been similarly cautioned but I now join the Middle District of Florida in cautioning attorney Segal that both he and his law firm may very well be subject to sanctions in the future if it is found that he is engaged in conduct that "abuses the judicial process." *Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2014) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Attorney Segal should govern himself and his law firm accordingly.

## RECOMMENDATION

Based on the foregoing, I recommend that Defendant's Motion for Attorney Fees [DE 25] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1);

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 12th day of April, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE